STUART, Justice
(concurring specially).
I concur with this Court’s decision to deny the writ of certiorari requested by South Baldwin Regional Medical Center. This case concerns whether a physicians group planning the construction of an office building, which would include an ambulatory surgery center, outpatient diagnostic services, and physician offices, was required to obtain a certificate of need from the State Health Planning and Development Agency before leasing the medipal-office building. In Ex parte Sacred Heart Health System, Inc., 155 So.3d 980 (Ala.2012), this Court conducted a thorough review of the facts and the issues presented in this case and issued an extensive opinion, which included a revised test for determining whether such a project fell under the “physician’s office exemption” in § 22-21-260(6), Ala.Code 1975. We reversed the judgment of the Court of Civil Appeals and remanded the case for that *1003 court to remand the case for the trial court to apply the revised test set forth in our opinion to the facts of the case. The petition for a writ of certiorari before us asks us to review the judgment of the Court of Civil Appeals reviewing the trial court’s judgment on remand. See Sacred Heart Health Sys., Inc. v. Infirmary Health Sys., 155 So.3d 989 (Ala.Civ.App.2013).
A reading of the grounds pleaded in the petition clearly indicates that South Baldwin Regional Medical Center is asking this Court to reconsider arguments we rejected or decided adversely to it in Ex parte Sacred Heart Health System and to consider questions that are not material and do not require an answer at this time.
First, South Baldwin Regional Medical Center alleges a ground of conflict, see Rule 39(a)(1)(D), Ala. R.App. P., arguing:
“Although this Court’s modification of the [physician’s-office-exemption] test did not include .a ruling that the test should no longer be applied to a ‘proposed facility, as a whole’ [quoting from a certificate-of-need review board] ruling addressing the [physician’s office exemption], the Court of Appeals nevertheless improperly narrowed the scope of this Court’s remand: ‘Our reading of the supreme court’s opinion convinces us that the space planned to house the proposed outpatient surgery center and the space originally planned to house the proposed rehabilitation center are not to be considered in applying the [physician’s-office-exemption] application test.’ 155 So.3d at 997. The Court of Appeals reversed the trial court after erroneously applying the [physician’s-office-exemption] test to only a portion of Sacred Heart’s leased space.
“Moreover, the Court of Civil Appeals improperly limited the trial court’s consideration of (1) Sacred Heart’s initial development of the project, 155 So.3d at 1001 (‘The trial court was not ordered to, and, in fact, should not have, determined whether applying the [physician’s office exemption] to the [Sacred Heart Medical Group’s] leased space in the [medical-office building] would “circumvent” the statutory language in ... §§ 22-21-263, and 22-21-265.’), and (2) the expenditure thresholds in the [certificate-of-need] law based on its mistaken reading of this Court’s Remand Decision. 155 So.3d at 1001 (‘[W]e are constrained to agree with Sacred Heart ... that the trial court was limited to considering those spaces in the [medical-office building] leased for use by [Sacred Heart Medical Group] physicians and that it was not to consider other areas of the [medical-office building] leased by Sacred Heart [in applying § 22-21-263(a)(2) ].’).”
(South Baldwin Regional Medical Center’s petition at pp. 2-4 (footnotes omitted).)
In Ex parte Sacred Heart Health System, we stated:
“The contested issue between the parties is whether the portion of the medical-building project Sacred Heart has leased for its Baldwin County physicians to use (‘the [Sacred Heart Medical Group] leased space’) is subject to Sacred Heart’s first obtaining a [certificate of need] from [the State Health Planning & Development Agency].2 Section 22-21-260 et seq., Ala.Code 1975, sets out the law concerning the regulation of health-care facilities.
[[Image here]]
“.. . The [physician’s-office-exemption] application test is promulgated to provide clarification as to the exemption from the [certificate-of-need] review process for the offices of licensed physicians, dentists, or group practices and should not be interpreted as circumvent *1004 ing the statutory language in §§ 22-21-260(6), 22-21-260(8), 22-21-263, and 22-21-265, Ala.Code 1975, or otherwise applicable statutes or administrative regulations pursuant to the ‘State Health Plan.’ ...
“2 In examining the medical-building project as a whole, this Court does not refer to the entire building constructed by Johnson Development, which contains space for medical and non-medical uses, but to the portion of the building leased by the specific physicians’ practice seeking to apply the physician’s office exemption to the [certificate-of-need] requirement. In this case, we review the [Sacred Heart Medical Group] leased space because that is the only space to be used by the [Sacred Heart Medical Group] practice.”
155 So.3d at 983-88.
The Court of Civil Appeals properly interpreted our holding in Ex parte Sacred Heart Health System and applied that holding to the facts of this case. There is no conflict between Ex parte Sacred Heart Health System and the decision of the Court of Civil Appeals here.
Additionally, alleging that it pleads “material questions] requiring decisions] ... of first impression for the Supreme Court of Alabama,” see Rule 39(a)(1)(C), Ala. RApp. P., South Baldwin Regional Medical Center asks this Court to determine:
“I. Whether the [physician’s office exemption] may be selectively applied to only part of a health care facility’s proposed project which includes both physicians’ offices and an ambulatory surgery center, diagnostic center, and timeshare space for unaffiliated physicians.
“II. Whether the [certificate-of-need] statute allows a health care facility to develop and lease space for an ambulatory surgery center prior to obtaining a [certificate of need].
“III. Whether a health care facility may circumvent the [certificate-of-need] expenditure law merely by employing physicians and including some space for them in a project.”
(South Baldwin Regional Medical Center’s petition at p. 4.)
The questions South Baldwin Regional Medical Center alleges require a decision of first impression, however, are not material and do not require answers. South Baldwin Regional Medical Center’s question as to whether the physician’s office exemption can be selectively applied to a portion of a health-care facility’s proposed project was addressed and answered in Ex parte Sacred Heart Health System. Because judicial records establish that the entity that was to have operated a proposed ambulatory surgical center in the building requested a certificate of need for that portion of the building and the certificate of need was denied, whether the certificate-of-need statutes allow a health-care facility to develop and lease space for an ambulatory surgery center before obtaining a certificate of need is not a question presented in the facts of this case and, consequently, is not material and does not require resolution at this time. Likewise, the question whether a health-care facility can circumvent the “[certificate-of-need] expenditure law” by employing physicians and including some space for them in a project is not presented by the facts in this case, is not material to this case, and does not require an answer.
Because the grounds pleaded by South Baldwin Regional Medical Center in its petition do not merit additional consider *1005 ation by this Court, the denial of the petition for the writ of certiorari is proper.